IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **YSANDA WHITE,** | |
| Plaintiff, | |
| v. | Civil Case No. _____ |
| **TRANSUNION RENTAL SCREENING SOLUTIONS, INC.** | |
| Serve: Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 | |
| Defendant. | |

## COMPLAINT

The Plaintiff, **YSANDA WHITE**, by counsel, and for his Complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought against the Defendants pursuant to 15 U.S.C. § 1681 of the Federal Fair Credit Reporting Act ("FCRA").

### JURISDICTION

2. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

### PARTIES

4. The Plaintiff, **YSANDA WHITE** ("Plaintiff" or "Mr. Hester"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

5. Upon information and belief, **TRANSUNION RENTAL SCREENING SOLUTIONS, INC** ("*Transunion*") is not authorized to do business in Virginia, but regularly conducts business within Virginia. All actions giving rise to this Complaint occurred in Virginia and the damages to the Plaintiff occurred in Virginia.

6. Upon information and belief, *Transunion* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Transunion* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

7. Upon information and belief, *Transunion* disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

8. In 2013 the Plaintiff had a residential lease with KPM LLC, d/b/a Belmont York Apartments ("***KPM***").

9. On or about December 28, 2013, the Plaintiff provided ***KPM*** with a Notice to Vacate per the lease agreement, which was duly signed by a representative of ***KPM***.

10. The final move-out inspection was conducted on March 1, 2014 and the Plaintiff obtained a new residence.

11. Though she did not know it, at the time of her final move out, it was later determined by KPM that the Plaintiff owed a balance of $302.34 on her account with ***KPM***.

12. Being unable to resolve the balance with the Plaintiff, *KPM* filed a <u>Warrant in Debt</u> in the Virginia Beach General District Court against the Plaintiff on August 21, 2014, for $302.34, plus $68.00 in costs and $75.59 in attorney's fees. (Case Number GV14030087-00).

13. On or about September 25, 2014, the Plaintiff became aware of the lawsuit and paid off the balance owed to *KPM*; check no. 3035 for $302.34.

14. On October 7, 2014, *KPM* took a default judgment against the Plaintiff for the $68.00 in costs and $74.59 in attorney's fees.

15. The Plaintiff became aware of the judgment against her for costs and attorney's fees and paid off the judgment on January 14, 2015.

16. In October of 2016, the Plaintiff submitted an application to rent a residence managed by Real Property Management Pros ("RPM-Pros"); RPM-Pros obtained a background check or rental screening, from *Transunion*.

17. *Transunion* prepared a credit report and sent that report to RPM-Pros; this credit report stated that there had been a "Judgment for Possession" entered against the Plaintiff on January 29, 2015 in the Virginia Beach City District Court.

18. This information is false and inaccurate. The Plaintiff was never evicted and no entity ever obtained a Judgment for Possession against her.

19. On October 17, 2016, RPM-Pros notified the Plaintiff that her application was denied due to a Negative Rental History.

20. On or about October 24, 2016, the Plaintiff filed a dispute with *Transunion* disputing the reporting that she was ever evicted from any rental property. Included with this dispute was her Notice to Vacate and Move Out Reconciliation from KPM.

3

21. On or about October 27, 2016, the Plaintiff provided supplemental paperwork which included the Warrant in Debt filed against her, which *Transunion* was erroneously reporting led to a "Judgment for Possession."

22. On or about November 7, 2016, the Plaintiff again sent a dispute to *Transunion* disputing the false and inaccurate reporting that she has an eviction on her record.

23. On or about November 16, 2016 *Transunion* confirmed that their records were inaccurate or incomplete stating "On 11/08/2016 we confirmed that record 810GV1403008700 was satisfied on 01/29/2015, there was updated as a Civil Judgment on 01/29/2015 and amount of 0.00 dollars."

24. Despite being updated as a "Civil Judgment" in the specific record, the credit report provided by *Transunion* still includes the record within the "Virginia Evictions" Dataset, creating the materially misleading impression that the Plaintiff was evicted. Additionally, the Civil Judgment is located on the report under the heading "Eviction Results" further creating the impression the Plaintiff was evicted.

25. This reporting is materially misleading creating the false impression that the Plaintiff was evicted.

26. Within two years prior to filing this complaint, *Transunion* either refused to correct the inaccurate and misleading information in the Plaintiff's credit file and/or reinserted the deleted information in violation of the FCRA.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)

27. Plaintiff re-alleges and incorporates all other factual allegations set forth in the Complaint.

28. *Transunion* violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files it published and maintained.

29. As a result of *Transunion's* violations of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, loss of opportunity to rent real estate, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

30. The violations by *Transunion* were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Transunion* were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

31. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Transunion* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i(a)(5)(A)

32. Plaintiff re-alleges and incorporates all other factual allegations set forth in the Complaint.

33. *Transunion* violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation.

34. As a result of *Transunion's* violations of 15 U.S.C. §1681i(a)(5)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, loss of opportunity to rent

real estate, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

35. The violations by *Transunion* was willful, rendering the Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Transunion* was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

36. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Transunion* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

37. WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendant for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

                                                Respectfully Submitted,
                                                **YSANDA WHITE**

                                                By: __/s/_____
                                                              Counsel

Nathan D. Baney, Esq. VSB #75935
Baneylaw, P.C.
2121 Eisenhower Ave, Suite 200
Alexandria, Virginia 22314
Telephone: 571-303-9102
Facsimile: 240-556-0304
Email: nathan@baneylaw.com
*Counsel for Plaintiff*